UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
TERRE HAUTE DIVISION

| | |
|---|---|
| SHAWN MCMULLIN, | ) |
| | ) |
| Petitioner, | ) |
| | ) |
| v. | )  No. 2:24-cv-00184-JRS-MG |
| | ) |
| WARDEN, | ) |
| | ) |
| Respondent. | ) |

**Order Granting Motion to Dismiss Petition for a Writ of Habeas Corpus and Denying Certificate of Appealability**

Petitioner Shawn McMullin's 28 U.S.C. § 2254 petition for a writ of habeas corpus challenges his 2019 conviction for child molestation in Dearborn County, Indiana. Now before the Court is the respondent's motion to dismiss, which argues that Mr. McMullin's claims are both procedurally defaulted and time barred. Mr. McMullin's motion for leave to file supplement response, dkt. [19], is **GRANTED** to the extent that the Court construes this filing as a reply to the respondent's motion to dismiss. For the reasons below, the respondent's motion, dkt. [16], is **GRANTED**, and Mr. McMullin's petition is **DISMISSED WITH PREJUDICE**. His motions to conduct additional discovery, dkts. [11], [13], [14], 21], [22] are **DENIED.** No certificate of appealability shall issue.

**I.     Background**

On or about November of 2018, Mr. McMullin entered into a plea deal with the State and pled guilty to Level 4 felony child molesting. Dkt. 16-1 at 12. On November 26, 2018, Mr. McMullin attempted to withdraw his guilty plea via a letter filed with the trial court. The Court held a hearing and subsequently denied his request. *Id.*  Accordingly, he was sentenced pursuant to the terms of his previous plea agreement. In exchange for his plea, the State agreed to dismiss

1

the additional three counts he was charged with including one additional count of child molesting and two counts of possession of child pornography. *Id.* at 13. Mr. McMullin agreed to a 12-year sentence with two years suspended to probation. *Id.* at 14-15. Mr. McMullin did not appeal the trial court's denial of his motion to withdraw his plea. *Id.*

On May 6, 2019, Mr. McMullin filed a petition for post-conviction relief raising a variety of claims, including that his "ADA was violated", that his "due process was violated", that his plea agreement was signed under duress, and that the trial court erred when it denied his request to change venue. Dkt. 16-4 at 3-4. The post-conviction court ordered the case to be submitted by affidavit, and Mr. McMullin failed to respond by the court's deadline, despite receiving an extension to do so. Dkt. 16-5. The post-conviction court denied Mr. McMullin's petition due to his failure to prove he was entitled to relief. *Id.*

Mr. McMullin initiated an appeal and raised five issues: 1) whether his amended petition for post-conviction relief had merit, 2) whether he had the right to be heard on the merits of his petition, 3) whether his trial counsel rendered ineffective assistance, 4) whether the post-conviction court erred when it denied his request for the clerk's record and transcripts, and 5) whether his plea agreement was made knowingly and voluntarily. *McMullin v. State*, 210 N.E.3d 291, 2023 WL 3029747 (Ind. Ct. App. Apr. 21, 2023) (unpublished). The Court of Appeals affirmed the post-conviction court's denial of Mr. McMullin's petition. *Id*. Mr. McMullin filed a petition for rehearing which was also denied. Dkt. 16-11. He did not petition to transfer to the Indiana Supreme Court. He later filed two separate requests to file successive post-conviction petitions on June 13, 2023, and March 6, 2024, both of which were denied.

On May 16, 2024, Mr. McMullin filed the instant habeas petition raising three grounds for relief. Dkt. 1. First, he alleges that he entered into a plea agreement supported by insufficient

2

evidence. Second, he alleges that his counsel was ineffective. Third, he alleges that he is actually innocent. *Id.*

## II.     Applicable Law

A federal court may grant habeas relief only if the petitioner demonstrates that he is in custody "in violation of the Constitution or laws . . . of the United States." 28 U.S.C. § 2254(a) (1996). In an attempt to "curb delays, to prevent 'retrials' on federal habeas, and to give effect to state convictions to the extent possible under law," Congress revised several statutes governing federal habeas relief as part of the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"). *Williams v. Taylor*, 529 U.S. 362, 404 (2000). "Under 28 U.S.C. § 2244(d)(1)(A), a state prisoner seeking federal habeas relief has just one year after his conviction becomes final in state court to file his federal petition." *Gladney v. Pollard*, 799 F.3d 889, 894 (7th Cir. 2015). "The one-year clock is stopped, however, during the time the petitioner's 'properly filed' application for state postconviction relief 'is pending.'" *Day v. McDonough*, 547 U.S. 198, 201 (2006) (quoting 28 U.S.C. § 2244(d)(2)). To the extent applicable, 28 U.S.C. § 2244(d)(1)(C) provides that a state prisoner "has one year to file a habeas petition based on a newly recognized constitutional right made retroactively applicable by the Supreme Court to collateral review."

## III.    Discussion

### A. Time Calculation Under AEDPA

Mr. McMullin's conviction and sentence became final when he did not attempt to appeal his guilty plea to the Indiana Court of Appeals within 30 days of final judgement. *Gonzalez v. Thaler*, 565 U.S. 134, 154, (2012) ("[W]ith respect to a state prisoner who does not seek review in a State's highest court, the judgment becomes "final" under § 2244(d)(1)(A) when the time for seeking such review expires."). Therefore, the one-year period of limitation began running

on February 1, 2019, and continued to run until May 6, 2019, when Mr. McMullin filed a petition for post-conviction review. At that time, 94 days had elapsed.

A limitations period is tolled during the time in which the petitioner has pending a "properly filed application for State post-conviction or other collateral review." 28 U.S.C. § 2244(d)(2). The Indiana Court of Appeals denied Mr. McMullin's petition for rehearing on June 22, 2023, and he did not petition to transfer to the Indiana Supreme Court. The Seventh Circuit has not decided whether a state petition is "pending" until the deadline to seek review of a lower court's decision denying post-conviction relief if the petitioner does not seek that relief. *See Johnson v. McCaughtry*, 265 F.3d 559, 564 (7th Cir. 2001). This Court need not resolve this question, because Mr. McMullin's petition is untimely even if the court assumes that his one-year limitations period remained tolled until July 24, 2023, when his deadline to petition to transfer expired. Ind. R. App. P. 57(C)(1).

Mr. McMullin filed his habeas petition in this Court on May 16, 2024, 297 days after the expiration of his time to petition to transfer. Mr. McMullin argues in his reply brief that his two successive post-conviction relief petitions toll the statute of limitations. Dkt, 19 at 4. However, "[a] request to file a successive petition does not toll the statute of limitations unless the state court grants the request." *Cowart v. Sevier*, No. 1:21-cv-02579-SEB-DLP, 2022 WL 4536503, at *2 (S.D. Ind. Sept. 28, 2022) (citing *Martinez v. Jones*, 556 F.3d 637, 638-39 (7th Cir. 2009) (emphasis added)). Here, Mr. McMullin's petitions were both denied; thus they did not toll the statute of limitations. Dkts. 16-14, 16-16.

Combined with the 94 days that had elapsed between his conviction being final and the filing of his petition for post-conviction relief, a total of 391 days had passed before Mr. McMullin filed his habeas petition. The following chart illustrates this:

| Conviction Final | February 1, 2019 | 365 days left in limitation period |
| --- | --- | --- |
| **State Post-Conviction Filed (clock stops)** | May 6, 2019 | 271 days left in limitation period |
| **Denial of PCR Rehearing** | June 22, 2023 | 271 days left in limitation period |
| **Time to Petition to Transfer Expires (Clock Restarts)** | July 24, 2023 | 271 days left in limitation period |
| **Federal Habeas Petition Due** | April 20, 2024 | 0 days left in limitation period |
| **Federal Habeas Petition Scanned** | May 16, 2024 | 26 days beyond limitation period |

Pursuant to AEDPA, Mr. McMullin had until April 20, 2024, to file a petition for writ of habeas corpus. However, he did not file this petition until May 16, 2024, approximately 26 days after the limitations period expired. His petition is time-barred and must be **DENIED**.

### B. Equitable Tolling

Mr. McMullin filed a reply to the respondent's motion to dismiss, arguing that he is entitled to equitable tolling for three reasons: 1) while incarcerated at the Reception Diagnostics Center, Mr. McMullin had no access to a law library; 2) from July 7, 2023, to July 21, 2024, he had no assistance filing motions; 3) he had no access to a pen from July 21, 2024, to July 26, 2024. Dkt. 19 at 3.

A petitioner is entitled to equitable tolling if he can establish that he has "'(1) . . . been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way and prevented timely filing.'" *Socha v. Boughton*, 763 F.3d 674, 684 (7th Cir. 2015) (quoting *Holland v. Florida*, 560 U.S. 631, 649 (2010)). These two "elements" are distinct. *Menominee Indian Tribe of Wis. v. United States*, 136 S. Ct. 750, 756 (2016). The diligence element "covers those affairs within the litigant's control; the extraordinary-circumstances prong, by contrast, is meant to cover

5

matters outside its control." *Id.* It is the petitioner's "burden to establish both [elements]." *Socha*, 763 F.3d at 683.

The diligence element requires "reasonable diligence . . . not maximum feasible diligence." *Holland*, 560 U.S. at 653. However, "mere conclusory allegations of diligence are insufficient and reasonable effort throughout the limitations period is required." *Mayberry v. Dittmann*, 904 F.3d 525, 531 (7th Cir. 2018). In other words, to meet the second element, Mr. McMullin must show that "he was reasonably diligent in pursuing his rights throughout the limitations period and until he finally filed his untimely habeas petition." *Carpenter v. Douma*, 840 F.3d 867, 870 (7th Cir. 2016).

"Although not a chimera—something that exists only in the imagination, equitable tolling is an extraordinary remedy that is rarely granted." *Carpenter v. Douma*, 840 F.3d 867, 870 (7th Cir. 2016) (citations and quotation marks omitted); *see Socha*, 763 F.3d at 684 ("[T]olling is rare; it is reserved for extraordinary circumstances far beyond the litigant's control that prevented timely filing.") (citation and quotation marks omitted).

While in some circumstances lack of access to the law library may warrant equitable tolling, Mr. McMullin's barebones statement that he was denied access to a law library, without further detail or argument, does not rise to the level of an extraordinary circumstance. *Jones v. Hulick*, 449 F.3d 784, 789 (7th Cir. 2006) (temporarily limited access to law library did not merit equitable tolling). Not having assistance with filing a petition is not an extraordinary circumstance requiring tolling. *Socha*, 763 F.3d at 685 (lack of representation or legal training did not merit equitable tolling). Further, Mr. McMullin's limitations period had already expired when he lacked access to a pen for two weeks in July 2024. Mr. McMullin has not shown that he pursued his rights diligently.

In his petition, Mr. McMullin appears to allege a stand-alone claim of actual innocence. However "actual innocence, if proved, serves as a gateway through whether the impediment is a procedural bar [] or expiration of the AEDPA statute of limitations." *McQuiggin v. Perkins*, 569 U.S. 383, 386 (2013). The Supreme Court "has never held that actual innocence claims, standing alone—separate and apart from any constitutional error—could support habeas relief." *Cal v. Garnett*. 991 F.3d 843, 850 (7th Cir. 2021). Even if the Court construed Mr. McMullin's innocence claim as a means to overcome the expiration of the statute of limitations, this claim would still fail. To make the required showing, Mr. McMullin must point to "new reliable evidence—whether it be exculpatory scientific evidence, trustworthy eyewitness accounts, or critical physical evidence," which, when considered with the full record, makes it "more likely than not that no reasonable juror would have found petitioner guilty beyond a reasonable doubt." *Gladney v. Pollard*, 799 F.3d 889, 896 (7th Cir. 2015) (cleaned up). He has failed to meet this high bar. Therefore, Mr. McMullin is not entitled to equitable tolling.

For these reasons, Mr. McMullin's petition is time-barred, and he is not entitled to equitable tolling. Accordingly, the respondent's motion, dkt. [16], is **GRANTED**, and Mr. McMullin's petition is **DISMISSED WITH PREJUDICE**.

### IV.     Motions for Discovery

Mr. McMullin has filed numerous motions to conduct limited discovery, including a motion for funds to hire a court-appointed investigator, dkt. 11, a motion for depositions, dkt. 13, a motion for discovery, dkt. 14, a motion to expand the record, dkt. 21, and a motion for subpoena duces tecum, dkt. 22. In his motion for leave to file supplement response, dkt. 19, Mr. McMullin discusses his requests for discovery broadly and requests that the Court permit him to subpoena audio recordings, transcripts of police interviews, and video recordings, which he believes will

demonstrate that he was pushed to agree to a plea under duress. *Id.* He argues that because the state court denied his motion to amend his post-conviction relief petition to remove his meritless claims and argue new claims, he was never afforded an opportunity to conduct discovery or present evidence to combat the evidence relied upon by the Court. *Id.* at 2.

AEDPA constrains a district court's ability to consider new evidence. "In considering habeas corpus petitions challenging state court convictions, [the Court's] review is governed (and greatly limited) by AEDPA." *Dassey v. Dittmann*, 877 F.3d 297, 301 (7th Cir. 2017) (en banc) (citation and quotation marks omitted). AEDPA generally limits a federal habeas court's review of the evidence and corresponding record to that which was developed in the state court. *Shoop v. Twyford*, 596 U.S. 811, 819 (2022). Because in most cases a federal habeas court does not have the ability to develop and consider new evidence, a habeas petitioner does not have an automatic right to conduct discovery. *See id.; Bracy v. Bramley*, 520 U.S. 899, 904 (1997). Instead, Rule 6(a) of the Rules Governing § 2254 Cases allows a habeas corpus petitioner to conduct civil discovery "if, and to the extent that, the judge in the exercise of his discretion and for good cause shown grants leave to do so, but not otherwise." To be entitled to conduct discovery, a petitioner must make specific factual allegations that demonstrate that there is good reason to believe that the petitioner may, through discovery, be able to garner sufficient evidence to entitle him to relief. *See Bracy*, 520 U.S. at 908−09.

Mr. McMullin has not shown good cause for permitting discovery. First, Mr. McMullin's ineffective assistance of counsel claims are time-barred. But even if the Court reaches the merits of his claims related to his allegations of the nature of his plea agreement, Mr. McMullin has not demonstrated that this evidence "could be legally considered" when assessing whether he qualifies for habeas relief. *Shoop*, 596 U.S. at 820.

As the Supreme Court explained in *Shoop*, a federal court can consider new evidence in only two limited circumstances. *Id.* at 819. The first, inapplicable here, is if the claim relies on a new and previously unavailable rule of constitutional law that was made retroactive by the Supreme Court. *Id.* The second is if it relies "on 'a factual predicate that could not have been previously discovered through the exercise of due diligence.'" § 2254(e)(2)(A). Mr. McMullin complains that the post-conviction court did not allow him to develop the necessary evidence in state court. On appeal on this issue, the Indiana Court of Appeals stated,

> By the time McMullin moved to amend his petition and sought additional time to explore possible claims, his petition had been pending for almost three years. During that time, the transcripts of his guilty plea and sentencing hearings were prepared and McMullin had the assistance of the State Public Defender in evaluating potential claims. After counsel withdrew, five months passed before McMullin notified the court he wished to proceed with his petition as originally filed and nearly four more months passed before McMullin was required to submit his evidence. Yet McMullin did not move to amend his petition or seek discovery until the date set for filing affidavits in support of his claims. Any difficulty McMullin had in developing his claims due to his inexperience in legal matters was part of the risk he took in representing himself. The post-conviction court was not required to allow McMullin additional time and resources to pursue potential claims. The court acted within its discretion in denying McMullin's motions [for discovery].

*McMullin*, 2023 WL 3029747 at *4 (internal citations omitted). The Court agrees with the Indiana Court of Appeals' assessment that Mr. McMullin's failure to develop evidence in state court was due to his lack of diligence rather than the State impeding his ability to develop such evidence. Thus, the Court would be unable to consider any evidence Mr. McMullin developed through discovery now. Thus, Mr. McMullin's motions to conduct discovery, dkts. [11], [13], [14], [19], [21], [22], are **denied**.

V.   **Certificate of Appealability**

"A state prisoner whose petition for a writ of habeas corpus is denied by a federal district court does not enjoy an absolute right to appeal." *Buck v. Davis*, 580 U.S. 100, 115 (2017). Instead,

a state prisoner must first obtain a certificate of appealability. *See* 28 U.S.C. § 2253(c)(1). "A certificate of appealability may issue . . . only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2).

Where a claim is resolved on procedural grounds (such as procedural default), a certificate of appealability should issue only if reasonable jurists could disagree about the merits of the underlying constitutional claim *and* about whether the procedural ruling was correct. *Flores-Ramirez v. Foster*, 811 F.3d 861, 865 (7th Cir. 2016) (citing *Slack v. McDaniel*, 529 U.S. 473, 484 (2000)). Rule 11(a) of the Rules Governing Section 2254 Proceedings in the United States District Courts requires the district court to "issue or deny a certificate of appealability when it enters a final order adverse to the applicant." Here, no reasonable jurist could disagree that Mr. McMullin's claims are time barred, he is not entitled to equitable tolling, and he has not demonstrated actual innocence to overcome the time bar. Therefore, a certificate of appealability is **DENIED**.

### VI.     Motion to Appoint Counsel

"Appointing counsel for *pro se* petitioners in habeas corpus cases is a power commended to the discretion of the district court in all but the most extraordinary circumstances." *Winsett v. Washington*, 130 F.3d 269, 281 (7th Cir. 1997). If the petitioner is financially eligible for the appointment of counsel, the Court must next consider whether "the interests of justice so require." 18 U.S.C. § 3006A(a)(2)(B). "As its name betrays, the 'interests of justice' standard contemplates a peculiarly context-specific inquiry," thus the Supreme Court has declined to "provide a general definition of the standard." *Martel v. Clair*, 565 U.S. 648, 663 (2012); *see Winsett*, 130 F.3d at 281 (reviewing the district court's denial of counsel under § 3006A(a)(2)(B) by considering if, given the difficulty of the case and the petitioner's ability, the petitioner "could

not obtain justice without an attorney" and "would have had a reasonable chance of winning with a lawyer").

The Court finds that it is not in the interests of justice to appoint counsel. Mr. McMullin's filings in this action are cogent and well-organized. He has a clear understanding of the nature of his claims and provides relevant citations to the record and legal authority. Further, he is limited to raising claims in this action that were fairly presented in state court proceedings, and an attorney would not be able to raise new claims or arguments. *See* 28 U.S.C. § 2254(d). As explained in the Order denying the petition for a writ of habeas corpus, Mr. McMullin's claims do not entitle him to relief, and appointing an attorney to represent him would not change this outcome. Accordingly, Mr. McMullin's motion to appoint counsel, dkt. [26] is **DENIED.**

### VII.     Conclusion

Because Mr. McMullin's claims are time-barred, the respondent's motion, dkt. [16], is **GRANTED** and Mr. McMullin's petition for habeas corpus is **DISMISSED WITH PREJUDICE**. Mr. McMullin's motion for leave to file supplement response, dkt. [19], is **GRANTED** to the extent that the Court construes this filing as a reply to the respondent's motion to dismiss. His motions to conduct additional discovery and to expand the record, dkts. [11], [13], [14], [19], [21], [22], are **DENIED**. A certificate of appealability is **DENIED**. Mr. McMullin's motion to appoint counsel, dkt. [26], is denied.

The petitioner's motion for copies, dkt. [25], is granted to the extent that the **clerk is directed** to send the petitioner a copy of dkt. [16], and a copy of the public docket sheet, along with his copy of this Entry.

Final judgment consistent with this Order shall now issue.

**SO ORDERED.**

Date: 1/7/2025

_____
JAMES R. SWEENEY II, JUDGE
United States District Court
Southern District of Indiana

Distribution:

SHAWN MCMULLIN
271293
WABASH VALLEY - CF
WABASH VALLEY CORRECTIONAL FACILITY - Inmate Mail/Parcels
6908 S. Old US Hwy 41
P.O. Box 1111
CARLISLE, IN 47838

Courtney Leanne Staton
Office of Indiana Attorney General
courtney.staton@atg.in.gov